UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23CR00274 RWS/JSD ) |
| MACE ANTHONY NOSOVITCH, | ) ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Catherine M. Hoag, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the Government states as follows:

1. The defendant is charged with making a false statement in connection with the acquisition of a firearm, in violation of Title 18, United States Code, Section 922(a)(6).

2. Pursuant to Title 18, United States Code, Section 3142(g), the nature of the charges against the defendant, the weight of the evidence against defendant, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by defendant's release additionally warrant defendant's detention pending trial.

3. As stated above, the defendant is charged with making a false statement in connection with the acquisition of a firearm, which is a crime that involves a firearm, as enumerated in Title 18, United States Code, Section 3142(g)(1) , which weighs in favor of detention.

1

4.  Additionally, the evidence in this case is strong. On February 1, 2023, victim C.N. filed an order of protection against the defendant in the Circuit Court of Saint Louis County under cause number 23SL-PN00528. An ex parte order of protection was issued and served on the defendant the same day. By its terms, the order found that there was "an immediate and present danger of domestic violence" by the defendant and prohibited him from "committing or threatening to commit domestic violence, stalking, molesting, sexual assault, or disturbing the peace" of C.N. wherever she may be found, from being within 500 feet of C.N., from coming near her home or work, and from communicating with her in any manner or through any medium. An attorney entered his appearance on the defendant's behalf on February 9, 2023. Since then, the case has been continued three times, and each time, the judge has ordered that the previous ex parte order of protection was to remain in full force and effect.

On May 14, 2023, the defendant went to The Range St. Louis West gun store and firing range. While at The Range, the defendant possessed and fired from at least two different firearms. The defendant placed an $897.52 deposit on a Sig Sauer 9mm handgun, purchased 100 rounds of 9mm ammunition, and also placed a special order for a firearm suppressor ("silencer"). During the transaction, the defendant completed ATF Form 4473, and checked the "No" box in response to question 21(j): Are you the subject to a court order, including a Military Protection Order issued by a military judge or magistrate, restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? Because the defendant is subject to an order of protection, the transaction was denied by NICS and local law enforcement were notified of the denial. Officers contacted the manager of The Range to confirm the transaction and obtained paperwork documenting the transaction. The manager at The Range had reviewed video and confirmed that the defendant entered the store, talked to the clerk, completed the application and paperwork, and then went downstairs to test fire weapons for approximately two hours:





The defendant did not appear to have any physical difficulties handling or firing the weapons. The defendant told the clerk that he wanted to purchase the firearm because he had previously been shot, despite never being the victim of a gunshot wound. After leaving the range, the defendant was reportedly seen by one of C.N.'s neighbors in C.N.'s backyard (on Mother's Day). The firearms and silencer transaction was denied by NCIS on May 17, 2023. That same day, the

3

defendant was charged with felony stalking and misdemeanor violation of an order of protection in Saint Louis County Circuit Court.

5. Although the defendant does not have any criminal convictions, he is currently charged in Saint Louis County in cause number 23SL-CR03749 with felony stalking and misdemeanor violation of an order of protection. The currently pending case involves the same order of protection that makes him a prohibited person pursuant to Title 18, United States Code Section 922(g)(8). The probable cause statement in that case indicates that between April 18, 2023 and May 2, 2023, the defendant has harassed C.N. at their 6-year-old child's baseball game at least twice and has come within 500 feet of her while watching her from a distance as she picked up their children from school on at least four different occasions. The video evidence of the encounters at the baseball game shows the defendant flipping off C.N. in front of children and other parents during one incident and driving up close to C.N.'s vehicle while blaring his horn to scare her in another. All of these actions are in direct violation of the ex parte order of protection, an order issued by a judge that restrains the defendant's actions. The defendant's failure to abide by the terms of the order of protection set by another court suggests that he is not likely to abide by any terms of supervised release set by this Court.

6. Moreover, as a condition of bond on the stalking case, the defendant is required to participate in GPS monitoring. Although the defendant has been on GPS monitoring for a little less than a week, he has already failed to charge the device at lease once, causing it to lose power completely and stop recording location data during an 8-hour period. This behavior is additional evidence that the defendant is unlikely to abide by the terms of supervision and that he remains a threat to the victim in the case, as he has already demonstrated that there will be times when his location is not being monitored and his whereabouts will be unknown.

6. Most importantly, the defendant poses a significant risk to the victim in this case. The victim reported to investigators that the defendant has been mentally, verbally, financially,

4

and physically aggressive towards her throughout almost the entire course of their marriage, beginning in 2016. Throughout the marriage, and continuing to today, the victim has had no access to financial accounts with the exception of a joint checking account within the last year, which the defendant closed after C.N. filed for divorce. She reported that the physical abuse escalated significantly since July 2022. She reported that the defendant would threaten to kill her, even detailing the ways that he would commit the murder and get away with it. When informed about the defendant's attempt to purchase a firearm, C.N. told the officers that she was terrified that he was going to kill her. She informed the officers that since the defendant had a stroke in November 2022, he has become even more physically aggressive, leading her to obtain the order of protection and file for divorce. She stated that his behavior tends to escalate as court dates for the divorce or order of protection get closer. She stated that the attempt to purchase the firearm and silencer was just a few days before a schedule visitation with their children. The order of protection is scheduled for a hearing on May 26, 2023. C.N. also reported two other instances of potential stalking by the defendant: 1) C.N.'s neighbor reported seeing the defendant in C.N.'s backyard on Mother's Day (May 14, 2023); and 2) both of the air conditioning units to C.N.'s home were disconnected in early May, an act that the repairman told her was likely intentional and not a coincidence.

      7.      Furthermore, although the defendant does not have prior criminal convictions, his previous wife obtained two orders of protection against him, once in 2011 and again in 2012. C.N. informed officers that she had spoken with the ex-wife, who told her that the defendant paid her off to have the orders of protection dismissed. Furthermore, a previous girlfriend of the defendant filed a stalking police report in 2013 for an incident where he deflated her vehicle's tires while she was at the gym. The victim in that case decided not to pursue prosecution after the defendant ceased following her vehicle and calling her sister repeatedly. These instances show a pattern of behavior that should be extremely concerning for the Court and indicate that the defendant represents a serious threat to the safety and well-being of the victim in this case.

7.      Finally, the behavior exhibited by the defendant is the exact behavior that Title 18, United States Code Section 922(g)(8) is designed to protect against. Congress understood that people who are subject to restraining orders constitute a very real and demonstrable threat to the victim and should be prohibited from obtaining and possessing firearms. However, in this case, the defendant was not only attempting to purchase a new firearm, but also a silencer, which makes his actions even more sinister and disturbing. The defendant falsely told the gun store clerk that he had recently been shot and that was why he was purchasing the gun. However, even if the defendant is taken at his word, there is no legitimate self-defense reason for wanting to obtain a silencer. The escalation in the defendant's behavior represents a very serious and concrete risk to the victim. There are no terms of supervision that can adequately ensure the safety of the victim, especially considering the fact that the defendant has acted in direct contravention to numerous laws and court orders already.

WHEREFORE, the Government requests this Court to order defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Catherine M. Hoag*
CATHERINE M. HOAG #67500(MO)
Assistant United States Attorney
catherine.hoag@usdoj.gov
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and accurate copy of this document was filed with the Court's electronic file management system for service upon all parties and counsel of record on May 25, 2023

*s/Catherine M. Hoag*
CATHERINE M. HOAG, #67500MO
Assistant United States Attorney
