UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cr-00274-RWS-JSD-1 |
| ) | |
| MACE ANTHONY NOSOVITCH, ) | |
|         Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Dr. Mace Anthony Nosovitch respectfully has moved the Court to dismiss count I of the superseding indictment herein. This memorandum is submitted in support of that motion.

**Facts[1]**

On May 14, 2023, Dr. Nosovitch went to a gun store and shooting range operated by Sentinel Arms, known as The Range St. Louis West. While there, Dr. Nosovitch requested to purchase two pistols. As required by law, Dr. Nosovitch completed ATF Form 4473 for each proposed purchase. Included in the form was the following question (see G205-06; G407):

> j. Are you subject to a court order, including Military Protection Order issued by a military judge or magistrate, restraining you from harassing, stalking, or threatening your child or an intimate partner or a child of such partner?

In response to this question, Dr. Nosovitch checked the box "No."  G106, G407. At the time, the explanatory notes to question 21j. on Form 4473 instructed as follows (G209):

---

[1] The facts stated herein are drawn primarily from materials in this Court's record ["ECF"] and in the record of St. Louis County Circuit Court No. 23SL-PN00528, of which, as explained below, this Court can take judicial notice. Some facts are drawn from police reports provided in discovery and are referenced by Government pagination, e.g., "G97." Defendant is not to be construed as having waived his right to controvert or object to any evidence in the event of any hearing on this motion, or at trial.

Under 18 U.S.C. § 922, firearms may not be sold to or received by persons subject to a court order that: (A) was issued after a hearing which the person received actual notice of and had an opportunity to participate in; (B) restrains such person from harassing, stalking, or threatening an intimate partner or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury. An "intimate partner" of a person is: the spouse or former spouse of the person, the parent of a child of the person, or an individual who cohabitates or has cohabitated with the person.

After submitting the purchase orders, the ATF forms and deposits, Dr. Nosovitch left The Range.  Shortly thereafter, his purchase was rejected, because the National Instant Criminal Background Check System identified him as subject to an order of protection granted by the Circuit Court of St. Louis County.  G107, G207.

The order of protection entered against Dr. Nosovitch was an *ex parte* order of protection, granted without notice or hearing, on the application of his estranged wife.  *See* 23SL-PN00528, order of 2/1/23; *see also* G236-237.  The order was entered on February 1, 2023.  It was served on Dr. Nosovitch on or about the same day.  23SL-PN00528, return of service; G98.  No hearing on the order was held prior to the date of Dr. Nosovitch's transactions at The Range, although the hearing was continued on several occasions in the interim by consent of counsel for both parties but without the presence of Dr. Nosovitch and without any sort of evidentiary hearing.  23SL-PN00528, continuance orders 2/16/23, 3/2/23, 4/6/23, 5/25/23; G98.

On May 17, 2023, Dr. Nosovitch was arrested by Town and Country police on a complaint of violation of the *ex parte* order of protection and of stalking.  G74-75.  He was arrested at his therapy appointment, as he was being treated for a stroke.  *Id.*  Subsequently, the FBI entered the case.  *See* E.D.Mo. 4:23-MJ-2036, ECF 1, p. 3, ¶4.

On May 24, 2023, the grand jury handed up the original indictment in this cause, charging Dr. Nosovitch with violating 18 U.S.C. §922(a)(6) in connection with his attempt to purchase one of the pistols at the Range on May 14.  *See* ECF 2.  The FBI arrested Dr. Nosovitch on the indictment on May 25, 2023.  G377-378.  The superseding indictment was handed up on October 11, 2023.  The superseding indictment again charged the violation of §922(a)(6), alleging as follows (ECF 39, emphasis added):

> . . . the Defendant herein, in connection with the attempted acquisition of a firearm, a Sig Sauer make, P320 model, 9mm caliber pistol, bearing serial number 581496576, from Sentinel Arms D/B/A The Range St. Louis West, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, knowingly made a false and/or fictitious written statement to Sentinel Arms D/B/A The Range St. Louis West, which statement was intended and likely to deceive Sentinel Arms D/B/ A The Range St. Louis West, **as to a fact material** to the lawfulness of such sale of the said firearm to Defendant under Chapter 44 of Title 18, United States Code, in that Defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, **to the effect that he was not subject to a court order restraining him from harassing, stalking, or threatening his intimate partner, when in fact, as Defendant then knew, he was subject to a court order restraining him from harassing, stalking, or threatening his intimate partner.**

## Argument

**1. As a matter of law, count I of the superseding indictment fails to allege a violation of 18 U.S.C. §922(a)(6) because it does not and cannot allege all of the essential elements of that offense.**

The statute under which defendant is charged, 18 U.S.C. §922(a)(6) provides in pertinent part that it is unlawful:

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector **with respect to any fact material to the lawfulness of the sale** or other disposition of such firearm or ammunition under the provisions of this chapter . . . [Emphasis added.]

3

The question on Form 4473 is directly related to determining if persons seeking to purchase firearms are disqualified from doing so by reason of a specific kind of court order, to wit (18 U.S.C. §922(g)(8)--emphasis added):

> a court order that-
> (A) **was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate**;
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury . . .

That the question on Form 4473 relates to the type of court order specified in §922(g)(8) is made abundantly clear by the explanatory note on the form itself, quoted above.

Here, the original and superseding indictment simply fail to allege all essential elements of the charged offense, alleging only that defendant knew he was subject to a court order, but wholly omitting knowledge of the critical features of such a court order, i.e., that it was issued after a hearing of which the respondent had notice and at which he had an opportunity to participate.  Of course, the indictments do not make such allegations, because the court order at issue in this case was not issued after any sort of hearing.  The only order to which Dr. Nosovitch was subject on May 14, 2023, was the *ex parte* order.  It is indisputable that that order was granted without a hearing and without notice, which is the very definition of an *ex parte* order. The indictment herein simply elides the essential elements of a court order that is the subject of the Form 4473 inquiry, limiting its allegations to the fact that there was an order purporting to restrain defendant from harassing an intimate partner.

4

Thus, when Dr. Nosovitch answered question 21j in the negative, he was entirely truthful, and his negative answer, as a matter of law, could not be material to the purchase of a firearm, as he simply was not subject to a disqualifying court order at the time he completed Form 4473.

F.R.Crim.P. 7(c) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." F.R.Crim.P. 12(b)(1) authorizes this Court to determine any defense that can be resolved without a trial on the merits. *See, e.g., United States v. Church*, 461 F. Supp. 3d 875 (S.D. Iowa 2020); cf. *United States v. Hance,* 501 F.3d 900, 906 (8th Cir. 2007) (indictment insufficient if essential element omitted). An indictment that omits essential elements of an offense is defective. Though the defect is not jurisdictional, it is a matter of basic criminal procedure and the constitutional right to fair notice that an insufficient indictment cannot support a prosecution and can potentially amount to plain error. *See United States v. Cotton*, 535 U.S. 625 (2002); *see also United States v. Hall*, 20 F.3d 1084, 1087–88 (10th Cir.1994) (holding pretrial dismissal of a criminal case by a trial court may be appropriate when undisputed facts establish as a matter of law that the Government is incapable of proving its case); *United States v. Singhal*, 876 F. Supp. 2d 82 (D.D.C. 2012) (dismissing counts of indictment under 18 U.S.C. §1001, where indictment failed to allege all essential elements of offense). Given that there is no dispute as to the critical factor in the indictment, *i.e*., that defendant was subject to an order meeting all the notice and hearing criteria of 18 U.S.C. §922(g)(8), a motion to dismiss is the appropriate vehicle to challenge the indictment for failing to allege the essential elements of the offense.

Here, the essential elements are simply stated: defendant must have falsely responded to question 21j on Form 4473 by denying that he (1) "was subject to a court order," (2) which order was "issued after a hearing of which he received actual notice, and at which he had an

5

opportunity to participate," (3) which order "restrain[ed] him from harassing, stalking, or threatening an intimate partner," and (4) which order "by its terms explicitly prohibited the use, attempted use or threatened use of physical force against such intimate partner." *See United States v. Sholley-Gonzalez,* 996 F.3d 887 (8th Cir. 2021), delineating essential elements of violation of §922(g)(8).  Unless the court order to which defendant was subject met these criteria, defendant was not subject to the kind of order contemplated by question 21j.  In this context, therefore, the essential elements of the §922(a)(6) offense necessarily include the elements of §922(g)(8)--otherwise, the prospective purchaser is not disqualified from buying a firearm as a matter of law, no matter what the NCIC thinks.[2]

In this regard, defendant notes that §922(a)(6), like all criminal statutes, must be strictly construed.  *See generally Huddleston v. United States*, 415 U.S. 814 (1974).  The phrasing of the question on Form 4473 cannot expand the meaning of §922(a)(6) or §922(g)(8).  Again, the essential elements of the §922(a)(6) offense in the context of denying that one is subject to a certain type of court order must include the elements of the court order that precludes a citizen from obtaining a firearm.  Otherwise, §922(a)(6) circumscribes a citizen's Second Amendment rights even more broadly than §922(g)(8) does, by criminalizing the purchase of a firearm when subject to a court order that does not in fact meet the criteria of §922(g)(8).

Furthermore, it will not do to argue that the continuances of hearings in the state adult abuse case will suffice to transform the extensions of the *ex parte* order into an order issued after

---

[2] Of course, the nature of the state court order in this case also severely undercuts any claim that the defendant acted "knowingly" in giving the allegedly false answer to question 21j.  See *Dixon v. United States,* 548 U.S. 1 (2006); *United States v. Delaney*, 732 F.2d 639 (8th Cir. 1984); *United States v. Behenna*, 552 F.2d 573 (4th Cir. 1977).  However, the question of whether the defendant acted knowingly would necessarily be for the jury--but only if the Government can establish the other essential elements of the offense, which it cannot.

6

a hearing, as required by §922(g)(8). The language of the latter section is plain and unambiguous: a person disqualified from exercising Second Amendment rights must have been the subject of a court order *issued after a hearing*. The vagaries of continuances do not factor into the equation; if there is no hearing, then the order does not operate to disqualify a citizen from exercising Second Amendment rights. The statute cannot be rewritten by the Government or this Court to read "a court order that was issued after a hearing of which such person received actual notice, *or that was extended after the continuance of a scheduled hearing,* and at which such person had an opportunity to participate."

Because this Court can take judicial notice of the state court record, F.R.Ev. 201, and because there is no dispute concerning the nature of the *ex parte* order entered against defendant, this is a case in which the Court may look beyond the four corners of the indictment, if necessary, *see United States v. Church,* supra; *United States v. Marrowbone*, 102 F. Supp. 3d 1101 (D.S.D. 2015); *United States v. Lafferty,* 608 F. Supp. 2d 1131 (D.S.D. 2009); *United States v. Hughson*, 488 F. Supp. 2d 835 (D. Minn. 2007)--although defendant would argue also that the indictment on its face omits essential elements of the offense, namely the characteristics of the court order required to classify it as disqualifying a citizen from purchasing a firearm.

Count I of the superseding indictment must be dismissed.

**2.    Assuming that count I of the indictment is facially sufficient, it must nonetheless be dismissed because, as a matter of law, the alleged false statement set forth was not material, in that the statute on which the illegality of the statement is based, 18 U.S.C. §922(g)(8), is unconstitutional facially and as applied to this defendant, as in conflict with the Second Amendment to the Constitution of the United States.**

7

The linchpin of the prosecution of count I of the superseding indictment is the disqualification of Dr. Nosovitch to purchase a firearm by reason of the *ex parte* order of protection entered against him.  That disqualification depends on the constitutionality of §922(g)(8).  Unless that statute can be applied constitutionally to the defendant herein, he cannot be disqualified from purchasing a firearm, and his answer to question 21j, as a matter of law, is immaterial to the lawfulness of the sale of the pistol to him.  *See United States v. Quiroz,* 629 F.Supp.3d 511 (W.D.Tex. 2022), appeal pending.  And §922(g)(8) is indeed unconstitutional.  *See United States v. Rahimi*, 61 F.4th 443 (2023), cert. granted; *but see United States v. Bena*, 664 F.3d 1180 (8th Cir. 2011).

Although the indictment alleges materiality in a conclusional way, it is elementary that materiality must be proved by showing that defendant's false statement would have affected the sale transaction in question.  *See Abramski v. United States*, 573 U.S. 169 (2014).  Here, however, unlike *Abramski,* the constitutional invalidity of §922(g)(8) means that question 21j should not have been asked in the first place, and, as a matter of law, defendant's answer to that question could not have resulted lawfully in his disqualification to purchase a firearm.  Unlike in *Abramski*, this is not a question of statutory construction alone:  it is a question of fundamental constitutional right.  Abramski did not have a constitutional right to buy a gun for someone else; but in May 2023, Dr. Nosovitch did indeed have a constitutional right to buy a gun for himself.  The Government cannot deploy §922(a)(6) to accomplish what §922(g)(8) cannot accomplish, *i.e.,* punish defendant for exercising his constitutional right to obtain a firearm.  In this regard, given the specific circumstances of the court order to which Dr. Nosovitch was subject on the date of the alleged offense, §922(a)(6) must be deemed unconstitutional as applied to him.

Defendant acknowledges that this Court may be bound by *United States v. Bena*, supra, in regard to the constitutionality of §922(g)(8), although defendant submits that this Court can treat it as overruled by *New York State Rifle & Pistol Ass'n v. Bruen,* 142 S.Ct. 2111 (2022).  But *see United States v. Cavanaugh,* 643 F.3d 592, 606 (8th Cir. 2011).  In any event, defendant is obliged to raise and preserve this issue.

## Conclusion

For the foregoing reasons, count I of the superseding indictment herein must be dismissed and defendant discharged.

Respectfully submitted,

By: */s/ Adam Fein*

Adam Fein, # 52255 MO
Attorney for Defendant
120 S. Central Avenue, #130
Clayton, Missouri 63105
(314) 862-4332
afein@rsfjlaw.com.

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Catherin Hoag, Assistant United States Attorney.