UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-CR-00274 JMD-1 |
| ) | |
| MACE ANTHONY NOSOVITCH, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMENDATION

COMES NOW the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Catherine M. Hoag and Jennifer L. Szczucinski, Assistant United States Attorneys for said District, and files its response to the defendant's objections to the report and recommendation of the magistrate judge.

The defendant filed numerous pretrial motions, including a Motion to Dismiss Count One (R. Doc. #59) and a Motion to Suppress Statements (R. Doc. #61),[1] a Motion to Suppress Evidence (Residence) (R. Doc. #63) and accompanying memorandum (R. Doc. #64), a Motion to Suppress Evidence (Autos) (R. Doc. #65) and accompanying memorandum (R. Doc. #66), and a Motion to Suppress Evidence (Jail Calls, Jail Texts, Etc.) (R. Doc. #67) and accompanying memorandum (R. Doc. #68). Regarding his Motion to Suppress Evidence (Jail Calls, Jail Texts, Etc.), the defendant primarily alleged that his statements regarding his attempts to hire fellow inmates to murder his soon-to-be-ex-wife should be suppressed

---

[1] The defendant subsequently withdrew both motions after the Government dismissed Count One. *See* R. Docs. # 147, 148.

1

because he should not have been detained in the first place. The defendant has continuously premised this argument on his mistaken belief that the indictment charging him with violating 18 U.S.C. §922(a)(6) was facially insufficient. R. Doc. #67. Regarding the remaining motions to suppress evidence, the defendant argued that the searches of his residence, electronic devices, and automobiles were illegal because they were not supported by probable cause and lacked particularity. R. Docs. #63, 65.

A hearing on the Motion to Suppress Evidence (Jail Calls, Jail Texts, Etc.) was held on June 10, 2025, during which the parties argued their respective positions; no testimony was elicited. After the hearing, the parties filed post-hearing briefing. R. Docs. #152, 154, and 161. The parties agreed no hearing was necessary regarding the motions to suppress evidence regarding the automobile and residence. For the sake of brevity and efficiency, the United States incorporates by reference herein its written responses to the motions (R. Docs. #85, 87, and 102), arguments at the hearing (*see* R. Doc. #152), and post-hearing brief. (R. Doc. #161).

After considering the parties' briefing, and analyzing the relevant, applicable case law, Judge Dueker issued a thorough report and recommendation on October 3, 2025. R. Doc. #162. In it, Judge Dueker recommended that the defendant's motions be denied in their entirety and explained several bases for his recommendations. *Id.* On November 3, 2025, the defendant filed objections to Judge Dueker's Report and Recommendation. R. Doc. #169.

Title 28, United States Code, Section 636(b)(1) requires that where a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). As demonstrated in the report and

2

recommendation, Judge Dueker's findings of fact and conclusions of law are sound and supported by the evidence and relevant precedent. The defendant makes no new argument in his objections but does continue to advance several of his previous arguments, albeit with inaccurate references to the report and recommendation and inapposite case law.

Specifically, the defendant argues that Judge Dueker "wholly disregarded" the holdings in *United States v. Russell*, 369 U.S. 749, 765 and 768 (1962), and *Hamling v. United States*, 418 U.S. 87 (1974), despite the fact that neither case deals with a charge under 18 U.S.C. §922(a)(6). R. Doc. #169 at 5. In his report and recommendation, Judge Dueker properly relied upon *United States v. Kaspereit*, 994 F.3d 1202, 1208 (10th Cir. 2021), a Tenth Circuit decision addressing nearly identical arguments to those put forth by the defendant. R. Doc. #162 at 17. Nowhere in his objections does the defendant address *Kaspereit*, or the numerous other cases cited by Judge Dueker establishing the four essential elements of a charge pursuant to 18 U.S.C. §922(a)(6), none of which contain the requirement that the Government establish that the defendant knew he was subject to a "qualifying" order of protection. R. Doc. #162 at 15-16. The Government also notes for purposes of this response that it maintains its position that the *ex parte* order of protection was a qualifying order and that a pretrial motion to suppress is not an appropriate vehicle for the defendant to challenge its validity. Judge Dueker correctly concluded that any attempt to determine the validity of the *ex parte* order would amount to an inappropriate pretrial determination of the sufficiency of the evidence. *Id.* at 17.

The defendant also misrepresented Judge Dueker's findings when he claimed that "[t]he Magistrate acknowledged that the allegations of count II of the superseding indictment in this case are inextricably intertwined with the prolonged illegal detention, and more importantly, with the restraining order that he was charged with lying about." R. Doc. #169

3

at 9. Judge Dueker expressly rejected the defendant's arguments, finding that "the conduct alleged in Count Two is a new and distinct offense and not a continuation of the conduct charged in Count One *just because both crimes have the same victim*." R. Doc. #162 at 8 (emphasis added). Judge Dueker correctly concluded that the defendant's conduct constituted a new and distinct offense, thereby rendering the exclusionary rule inapplicable under binding Eight Circuit precedent. *Id.* The defendant has not, and cannot, establish that his conduct does not fall squarely under *United States v. Hunt*, 372 F.3d 1010, 1012 (8th Cir. 2004).

Finally, with respect to his objections to the search warrants for the residence, electronic devices found at the residence, and automobiles, the defendant does nothing but regurgitate his prior arguments in his initial motions to suppress. *See* R. Docs. #63-66. Judge Dueker's conclusions regarding the legality of the search warrants in this case are well-reasoned and supported by the facts of the case and the relevant case law. The Government has nothing further to add in response to the defendant's objections to the report and recommendation that it has not already stated in previous filings. *See*, R. Docs. #85 and 87.

In his objections, the defendant also suggests this Court should hold a plenary hearing on the defendant's motions, citing a recent Eighth Circuit case. R. Doc. #169 (citing *United States v. Moua*, No. 24-2774 (8th Cir. August 1, 2025)). However, the Eighth Circuit does not require such a hearing or even recommend a *de novo* hearing, particularly when there was no testimony requiring a magistrate court to make a credibility determination. *See United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) ("de novo review requires the district court either listen to the tape of the hearing or read the hearing transcript."); *see also Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990). In *Moua*, it was the dissent who expressed concern with the district court rejecting a magistrate judge's credibility determinations, when those

4

findings were dispositive, without seeing and hearing the witness whose credibility was in question. *Id.* at 16 (Grasz, J., dissenting) (quoting *United States v. Raddatz*, 447 U.S. 667, 679, n. 7 (1980)).[2] Even *Moua's* dissent is inapposite here, as there was no testimony upon which Judge Dueker made a credibility determination. Rather, Judge Dueker's analysis and conclusions were wholly legal. As such, any *de novo* hearing is unnecessary as a *de novo* review of the record, including a review of the audio recording of the hearing, and/or reviewing the transcript of the hearing will make clear Judge Dueker's legal determinations are sound.

After *de novo* review, this Court should adopt the report and recommendation and rule in accordance with Judge Dueker's recommendations, upholding the findings of fact and conclusions of law set forth therein, which are robustly supported by the arguments made and precedent available to Judge Dueker.

WHEREFORE, the United States respectfully requests the defendant's objections to the report and recommendation be denied.

Respectfully submitted,

Thomas C. Albus
United States Attorney

/s/ *Catherine M. Hoag*
CATHERINE M. HOAG #67500 MO
/s/ *Jennifer Szczucinski*
JENNIFER SZCZUCINSKI, #56906MO

---

[2] While the Eighth Circuit does not require a district court to conduct a *de novo* hearing as part of its *de novo* review of a magistrate judge's determination, some other circuits require such a hearing, *only if* the district court rejects the credibility determination of a magistrate judge and that credibility determination is material. *See United State v. Rodriguez*, 443 F.3d 138, 148 (1st Cir. 2006); *Hill v. Beyer*, 62 F.3d 474, 482 (3d Cir. 1995); *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980); *Jackson v. United States*, 859 F.3d 495, 499 (7th Cir. 2017); *United States v. Ridgeway*, 300 F.3d 1153, 1157 (9th Cir. 2002); *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010).

>Assistant United States Attorneys
>111 South 10th Street, Room 20.333
>St. Louis, Missouri 63102
>(314) 539-2200

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 17, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system all counsel of record.

>/s/ *Catherine M. Hoag*
>CATHERINE M. HOAG #67500 MO
>ASSISTANT UNITED STATES ATTORNEY