## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA,

   *Plaintiff,*

v.

MACE ANTHONY NOSOVITCH,

   *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

No. 4:23-cr-00274-JMD-1

## <u>ORDER ADOPTING THE REPORT AND RECOMMENDATION</u>

The Court, having reviewed *de novo* the report and recommendation from United States Magistrate Judge Joseph S. Dueker, ECF 162, **DENIES** Defendant Mace Anthony Nosovitch's (1) motion to suppress evidence (residence), ECF 63, (2) motion to suppress evidence (autos), ECF 65, and (3) motion to suppress evidence (jail calls, jail texts, etc.), ECF 67. The Court sustains, adopts, and incorporates the report, supplementing its reasoning here. The Court **DENIES** Nosovitch's request for a plenary hearing, ECF 169 at 19–20.

### Analysis

Upon a timely objection, the Court reviews the motions and the report *de novo*. 28 U.S.C. § 636(b)(1)(C). The report persuasively addresses Nosovitch's three motions to suppress evidence, and the Court is not persuaded by his subsequent objections.

The Court adds only this: the basis for Nosovitch's motions largely rest on an appeal to close technicalities, but those are not the kinds of alleged errors that, if proven, justify the extraordinary remedy of suppressing evidence. "[S]uppression is not an automatic consequence of a Fourth Amendment violation. Instead, the question turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *United States v. Houck*, 888 F.3d 957, 959–60 (8th Cir. 2018) (quoting *Herring v. United States*, 555 U.S.

135, 137 (2009)).  The exclusionary rule is a judicially created prudential remedy, and "there is always a 'high obstacle for those urging application of the rule.'"  *Lange v. California*, 594 U.S. 295, 317 (2021) (Thomas, J., concurring) (citing *Pennsylvania Bd. of Prob. and Parole v. Scott*, 524 U.S. 357, 364–365 (1998)).  Excluding evidence "obstructs the truth-finding functions of judge and jury," creating a "downstream risk that 'some guilty defendants may go free or receive reduced sentences.'"  *Id*. at 317 (citing *United States v. Leon*, 468 U.S. 897, 907 (1984)) (cleaned up).  Courts may apply the remedy only when needed to deter "intentional conduct that was patently unconstitutional."  *Herring*, 555 U.S. at 143.

The magistrate judge's report persuasively establishes why Nosovitch's arguments about the sufficiency of indictments, search warrants, and seizures are not correct.  But even if he could establish a Fourth Amendment violation, it would not justify suppressing evidence.  Consider, for example, his first objection.  Nosovitch was initially charged with violating 18 U.S.C. § 922(a)(6), which prohibits lying to a firearms dealer in connection with an attempt to obtain a firearm.  Nosovitch was asked by the firearms dealer to fill out a questionnaire form, and on the question whether he was "subject to a court order … restraining you from harassing, stalking or threatening your child or intimate partner or child of such partner," Nosovitch answered "no" even though he knew a restraining order had been issued against him.  Nosovitch argues that his answer was technically truthful because the form elsewhere defined "restraining order" narrowly.  In other words, he says that even though his statement was false when considering the ordinary meaning of the question he answered, his statement was true when the question is interpreted in light of a definition provision located in small type several pages later.  Even if everything Nosovitch says is true,

2

and even if this amounted to a Fourth Amendment violation, this is not a case of "intentional conduct that was patently unconstitutional," *Herring*, 555 U.S. at 143, so the remedy of exclusion is not available. That is especially true because Nosovitch's theory is highly attenuated. He is no longer being charged with lying on a firearms form; he is now being charged with attempting to hire somebody to murder his wife, a completely different offense he allegedly committed while being detained on the now-dismissed charge.

The Court also rejects Nosovitch's request for the Court to hold a plenary hearing. Nosovitch concedes that the Court is not required to hold one. The relevant "statute calls for a *de novo* determination, not a *de novo* hearing." *United States v. Raddatz*, 447 U.S. 667, 674 (1980). A *de novo* hearing would not assist the Court here.

## Conclusion

The Court accepts, adopts, and incorporates in full the report's recommendation to reject Nosovitch's motions. **IT IS HEREBY ORDERED** that Nosovitch's (1) motion to suppress evidence (residence), ECF 63, (2) motion to suppress evidence (autos), ECF 65, and (3) motion to suppress evidence (jail calls, jail texts, etc.), ECF 67, are each **DENIED**. His request for a plenary hearing, ECF 169 at 19–20, is also **DENIED**.

Dated this 19th day of December, 2025

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE